UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

LEE ANN BOONE                          )
                        Plaintiff      )   CASE NO.:  **5:06CV-192-R**
                                       )
vs.                                    )
                                       )
LIBERTY LIFE ASSURANCE COMPANY         )
OF BOSTON                              )
                                       )
SERVE:                                 )
                                       )
Commonwealth of Kentucky               )
Secretary of State                     )
152 State Capitol                      )
700 Capital Avenue                     )
Frankfort, KY  40601-3493              )
                                       )
                        Defendant      )
                                       )
_____)

COMPLAINT

        Plaintiff, Lee Ann Boone, for her cause of action

against Defendant, Liberty Mutual Assurance Company of Boston,

states and alleges as follows:

        1.  At all times relevant to this action, Plaintiff

was a citizen and resident of Murray, Calloway County,

Kentucky, residing at 2128 Southwest Drive, Murray, Kentucky,

42071.

        2.  Defendant, Liberty Mutual Assurance Company of

Boston (hereinafter referred to as "Liberty") is and at all

times relevant to this action believed to have been a

Massachusetts corporation authorized to do business in the

Commonwealth of Kentucky.  Defendant issued a group disability
income policy providing coverage to Plaintiff in conjunction
with Plaintiff's employment with Schering-Plough Corporation.
If Defendant, Liberty does not waive service of process in
accordance with FRCP 4(d), service of process may be effected
upon Liberty by the issuance of two (2) true copies of the
summons with two (2) attested copies of the Complaint and
serving the same on Liberty's registered process agent, by
certified mail, restricted delivery, return receipt requested.
The Secretary of State shall immediately mail a copy of the
summons and Complaint to CT Corporation Systems, Kentucky Home
Life Building, Louisville, Kentucky, 40202, process agent
designated by Liberty pursuant to KRS 304.3-150(7).  The
Secretary of State shall accompany the summons and Complaint
with a letter, all of which to be posted by pre-paid certified
mail, return receipt requested, and shall bear the return
address of the Secretary of State.  The Secretary of State
shall then make a return to the United States District Court,
Western District of Kentucky, Paducah Division, showing that
the service of process provisions contemplated by KRS 304.3-
230(5) have been performed and shall attach to the return the
certified mail registry receipt, if any.  The summons shall be
deemed  served upon the return by the Secretary of State to
the United States District Court for the Western District of
Kentucky.  The Secretary of State shall keep a record of the

2

date and hour of the receipt of lawful process as well as the
date upon which lawful process was forwarded to the Defendant,
Liberty.

JURISDICTION

3.   This cause of action arises under the terms and
provisions of the Employee Retirement Income Security Act of
1974, 29 U.S.C. § 1001, et seq. (hereinafter referred to
"ERISA").  Jurisdiction is vested in the United States
District Court by virtue of Federal question jurisdiction
pursuant to 28 U.S.C. § 1331 and through 28 U.S.C. §
1132(e)(1).

4.   The acts and omissions complained of occurred in
Murray, Calloway County, Kentucky.  Venue is appropriate in
the U.S. District Court, Western District of Kentucky, Paducah
Division, pursuant to 28 U.S.C. § 1132(e)(2).

FACTUAL ALLEGATIONS

5.   Plaintiff incorporates by reference the
allegations set forth in numerical paragraphs 1 through 4
above as if full set out herein.

6.   At all times relevant to this action, Plaintiff,
in conjunction with her employment with Schering-Plough
Corporation was a Plan participant covered by and entitled to
benefits under the terms and provisions of a group disability
income policy, Policy No. GF3-830-030300-01 (hereinafter
referred to as the "policy").

7.   Plaintiff, as a Plan participate and in compliance with the terms and provisions of the policy, submitted a claim for long-term disability benefits.

8.   Pursuant to the terms and provisions of the policy, the Defendant provided to the Plaintiff benefits for long-term disability finding that Plaintiff met the policy definition of "Disabled".  However, effective February 28, 2006, the Defendant terminated Plaintiff's claim for long-term disability coverage.

9.   Plaintiff has complied with all terms and provisions of the policy to document and meet the requirements imposed by the Defendant and required under the policy to submit and document a claim for long-term disability benefits. Plaintiff has complied with all conditions precedent to coverage, including payment of premiums and has complied with the written proof requirements imposed by the policy.

10.   The Defendant has denied coverage under the policy asserting that Plaintiff retains the ability to perform the material and substantial duties of her occupation on an active employment basis and, for this reason, is not entitled to continuing long-term disability benefits.

11.   Plaintiff has exhausted all administrative remedies afforded by Defendant under the terms and conditions of the policy by appealing the Defendant's denial of Plaintiff's claims through the final appeals review process.

<u>COUNT I</u>

12.   Plaintiff incorporates by reference the allega-
tions set forth in numerical paragraphs 1 through 11 above as
if full set out herein.

13.   Plaintiff is a participant in and under an
ERISA long-term disability policy administered and/or issued
by the Defendant.  As a participant, Plaintiff is authorized
to initiate a civil action to recover benefits due to her
under the terms and provisions of the policy and to clarify
and enforce her rights under the terms and provisions of the
policy.  Plaintiff has and continues to suffer from physical
and mental limitations which preclude her from performing all
of the material and substantial duties of her occupation on an
active employment basis.

14.   The policy issued by the Defendant provides, in
pertinent part, as follows:

    "Disability" or "Disabled" means:

    1.  For persons other than pilots, co-
    pilots and crew of an aircraft:

        i.  If the Covered Person is
        eligible for the 24 month own
        occupation benefit, "Disability"
        or "Disabled" means during the
        elimination period and the next
        24 months of disability, the
        Covered Person is unable to
        perform all of the material and
        substantial duties of his occupa-
        tion on an active employment
        basis because of an injury or
        sickness; and

            ii.  After 24 months of benefits
have been paid, the Covered
Person is unable to perform, with
reasonable continuity, all of the
material and substantial duties
of his own or any other
occupation for which he is or
becomes reasonably fitted by
training, education, experience,
age and physical and mental
capacity.

15.  Plaintiff submitted a claim for long-term disability benefits asserting that she meets the definition of disability/disabled set forth under the policy.  The Defendant, although initially providing benefits to Plaintiff, has breached its duty and obligation under the policy and its fiduciary duty to the Plaintiff by failing and refusing to timely provide disability benefits to the Plaintiff and to pay such benefits pursuant to the terms, provisions and conditions of the policy.  As a result of the Defendant's breach of its obligation to pay benefits pursuant to the terms and conditions of the policy, Plaintiff has been wrongfully denied and is entitled to recover damages equal to the long-term disability benefits available under the policy.

16.  In addition to disability benefits due and payable under the terms and conditions of the policy, Plaintiff is entitled to pre and post-judgment interest, attorney fees and costs.

COUNT II

17.   Plaintiff incorporates by reference the allegations set forth in numerical paragraphs 1 through 16 above as if full set out herein.

18.   From the time Plaintiff filed her initial claim for disability benefits and presently, the evidence submitted in the record to Defendant revealed that Plaintiff has met the definition of "disability" and "disabled" entitling her to disability benefits under the terms and provisions of the policy.  Defendant denied Plaintiff's claim, however, and continues to deny the claim notwithstanding the fact that disability benefits were and have been due and payable to Plaintiff.

19.   When Defendant denied Plaintiff's claim for disability benefits, Plaintiff was required to retain counsel to represent her in a claim against Defendant.

20.   Defendant has acted in bad faith and in breach of its fiduciary duty to the Plaintiff by failing and refusing to timely pay her claim for disability benefits in accordance with the terms and provisions of the policy.

21.   Defendant has wrongfully withheld and continues to wrongfully withhold disability benefits due and payable to the Plaintiff and the evidence in the administrative record reveals that Plaintiff should be receiving monthly benefits in a timely manner.

22.   Based upon (a) the breach of its fiduciary and contractual duty to the Plaintiff (b) the bad faith failure and refusal to timely pay Plaintiff the benefits to which she was and remains entitled under the terms and provisions of the policy, and (c) Defendant's inability to assert a defensible interpretation of the policy documents to support his continuous denial of disability benefits to Plaintiff, Plaintiff is entitled to receive pre-judgment interest, post-judgment interest and her attorney fees.

WHEREFORE, Plaintiff respectfully demands judgment against the Defendant, as follows:

1.   Judgment under Count I of the Complaint, finding that Plaintiff is entitled to payment of disability benefits under the terms and conditions of the policy;

2.   Judgment under Counts I and II of the Complaint, for past due disability benefits, future disability benefits, pre and post-judgment interest and attorney fees and costs;

3.   Judgment against the Defendant under Counts I and II for breach of its fiduciary duty to the Plaintiff, including judgment for pre and post-judgment interest and her attorney fees and costs; and

4.   All other relief to which Plaintiff may appear entitled.

```
                              HAVERSTOCK, BELL & PITMAN
                              211 S. 12th St., P.O. Box 1075
                              Murray, KY  42071
                              PHONE:  (270) 753-1694
                              FAX NO. (270) 753-2053


                    BY:  /s/_____
                         MICHAEL M. PITMAN
                         e-mail:  mike@haverstocklaw.com
```

9